IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WILLIAM LINDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 18-cv-1257 |
| ) | |
| STEVEN KALLIS, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner David William Linder's Petition for Writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). Petitioner is incarcerated at the Federal Correctional Institution in Pekin, Illinois. For the reasons below, the Court concludes that the Petition does not survive preliminary review under Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts and it must be summarily dismissed.

Linder was convicted on February 15, 2005, in the District Court for the Eastern District of Virginia of various drug-related

crimes. See United States v. Linder, Case No. 2:04-CR-00191 (E.D. Va. 2005). He seeks to collaterally attack his conviction in a Petition for writ of habeas corpus under 28 U.S.C. § 2241. Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." Camacho v. English, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a

statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" Montana v. Cross, 829 F.3d 775, 783 (7th Cir. 2016), cert. denied sub nom. Montana v. Werlich, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (citing Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012)).

Here, Linder argues he is entitled to relief under § 2241 in light of McFadden v. United States, 135 S.Ct. 2298 (2015). However, Linder's McFadden claim has already been addressed and denied on the merits by Chief Judge Darrow in a previous § 2241 Petition filed in this district. See Linder v. Kallis, Case No. 15-cv-1055, d/e 90 at pp. 6-11 (C.D. Ill. Aug. 14, 2018) (finding the jury instructions in Linder's case complied with McFadden). Linder has now appealed this ruling to the Seventh Circuit, where is it currently pending. See Linder v. Kallis, Case No. 18-2812 (7th Cir.). As Linder's claim has already been reviewed by another

judge, this Court is not required to review the claim again.  See 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.").  Accordingly, it is summarily dismissed.

Linder also argues the "Norfolk court lacked jurisdiction to charge analogues" and that "Petition was conferred immunity." Linder does not expand on these claims, nor does he provide any basis for why they would fall within the § 2255(e) savings clause. While the courts liberally construe pro se pleadings as a matter of course, see Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), judges are not also required to construct a party's legal arguments for her.  Small v. Endicott, 998 F.2d 411, 417–18 (7th Cir. 1993).  Accordingly, to the extent these were distinct claims, they are dismissed as well.

# CONCLUSION

Petitioner David William Linder's Petition for Writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is SUMMARILY DISMISSED with prejudice.  THIS CASE IS CLOSED.

**ENTER: March 26, 2019.**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**